UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMIE VISKER; ATLANTA VISKER; JAMIE VISKER IRA LPL FINANCIAL CUSTODIAN; ATLANTA VISKER IRA LPL FINANCIAL CUSTODIAN; WINONA POWER COATING, INC.; EUGENE ROTHGERBER; JODIE ROTHGERBER; SMITH INVESTMENTS LIMITED PARTNERSHIP; THE PETRO GROUP INC.; RAINBOW 3 LLC; FRED FRIBLEY; FREDERICH FRIBLEY IRA ACCOUNT; CONNIE FRIBLEY; SUE BROWN IRA ACCOUNT; DAVID SNYDER IRA ACCOUNT; HOWARD FOX; AUDREY ADES; SCOTT EYINK IRA ACCOUNT; WESTHILL DEVELOPMENT, LLC; DOUGLAS K. ROBINSON; DAN J. ROBINSON; CHERYL ANN ROBINSON; DANARI LLC; NATHANIAL DROURR; CATHERINE DROURR; DENNIS HARRISON; NANCY HARRISON; THE CAROL A. BOCKELMAN REVOCABLE TRUST; ANTHONY G. MARLIN; STACY S. MARLIN; BURTON RAMSEY; ERNEST B. WIGGINS IRA | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Case No. |
| Plaintiffs, | : : | |
| v. | : : | |
| DOMINIC FERRANTE; TODD BINKOWSKI; WINONA PVD COATINGS, LLC; TFG WHEELS, LLC | : : : : : | |
| Defendants. | : | |

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that all Defendants, Dominic Ferrante, Todd Binkowski, Winona PVD Coatings, LLC and TFG Wheels, LLC, remove this action from the Court of Common Pleas of Hamilton County, Ohio to the United States District Court for the Southern

1

District of Ohio pursuant to 28 U.S.C. §§1441 and 1446. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367 and 15 U.S.C §§ 77v and 78aa(a). In further support of removal, the Defendants state as follows:

1. Plaintiffs filed a complaint on March 2, 2018 in the Court of Common Pleas of Hamilton County, Ohio styled *Jamie Visker, et al. v. Dominic Ferrante, et al.*, Case No. A1801222.

2. Exhibit 1 to this Notice is a copy of all process, pleadings, and orders served or filed in the action.

3. This Notice is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of March 13, 2018, the last date that one of the Defendants was served with the complaint.

4. Defendant Dominic Ferrante was served with the Complaint on March 12, 2018. Proof of service upon Mr. Ferrante is included in Exhibit 1, the state court record.

5. Defendant Todd Binkowski was served with the Complaint on March 12, 2018. Proof of service upon Mr. Binkowski is included in Exhibit 1, the state court record.

6. Defendant TFG Wheels, LLC was served with the Complaint on March 13, 2018. Proof of service upon TFG Wheels is included in Exhibit 1, the state court record.

7. Defendant Winona PVD Coatings, LLC was served with the Complaint on March 12, 2018. Proof of service upon Winona PVD Coatings is included in Exhibit 1, the state court record.

8. Venue is proper under 28 U.S.C. § 1441(a) because the Southern District of Ohio embraces the county and court in which the plaintiffs filed this action.

9. In accordance with 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the Clerk for the Court of Common Pleas of Hamilton County, Ohio on this date, and a copy of this Notice of Removal is being served on all parties to this lawsuit on this date.

10. The complaint seeks a "declaratory judgment pursuant to Ohio Rev. Code Ann. § 2721 (2017) *et seq.* and Ohio R. Civ. P. 57, and injunctive relief pursuant to Ohio Rev. Code Ann. §2727.02 (2017) *et seq.* and Ohio R. Civ. P. 65(B), in relation to claims for **violations of 15 U.S.C. § 78(j)** [*sic*] **and 15 U.S.C. § 77(q)(a)** [*sic*]" as well as alleged violations of Delaware law and the Operating Agreement of Defendant Winona PVD Coatings, LLC. Complaint, ¶ 1 (emphasis added).

11. Under 15 U.S.C. § 78aa(a), federal district courts have exclusive jurisdiction of violations of 15 U.S.C. § 78j. In general, 15 U.S.C. § 78j (misidentified in the complaint as 15 U.S.C. § 78(j)) makes it unlawful, in connection with the purchase or sale of securities, to use or employ any manipulative or deceptive device or contrivance in violation of Securities and Exchange Commission rules or regulations.

12. Under 15 U.S.C. § 77v, federal district courts have exclusive jurisdiction of violations of 15 U.S.C. § 77q. In general, 15 U.S.C. § 77q(a) (misidentified in the complaint as 15 U.S.C. § 78(q)(a)) makes it unlawful to deceive or defraud, or to obtain money or property by means of a false statement or omission of material fact, in the offer or sale of securities.

13. Under 28 U.S.C. § 1331, this Court has subject matter jurisdiction over civil actions arising under the laws of the United States, including actions arising under 15 U.S.C. §§ 78j and 77q.

14. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims that are part of the same case or controversy as those claim overs which the Court has original jurisdiction.

15. The complaint elaborates on the alleged violations of 15 U.S.C. §§ 78j and 77q as follows:

> Winona was unable to borrow money from traditional lenders to fund its cash flow needs. Accordingly, Binkowski and Ferrante decided to seek additional funding from existing unitholders through another private equity offering (the "Offering"). Unitholders were sent a letter seeking an additional investment of five million five hundred thousand dollars (the "Letter"). [Complaint, ¶ 43.]
>
> Upon information and belief, this instruction was made to induce Investors who were Visker's friends and family to invest more in Winona. [Complaint, ¶ 44.]
>
> Upon information and belief, the Letter was materially misleading in that it omitted information that Visker later learned was provided to the investors in TFG Wheels. Binkowski and Ferrante had access to material information regarding the finances of Winona that they knowingly and willfully elected not to disclose to the Investors. [Complaint, ¶ 47.]
>
> The Investors each decided to invest further money into Winona based upon the Letter, which omitted information supplied to the Ferrante Investors. The total investment amount made by the Investors has been approximately three million five hundred thousand dollars ($3,500,000.00). [Complaint, ¶ 49.]

16. In Count II of the complaint seeking a declaratory judgment, the plaintiffs allege that "[a]n actual, present and justiciable controversy has arisen between Plaintiffs and Defendants by virtue of," among other things, the "securities law violations of Ferrante, Binkowski, and TFG Wheels in relation to failing to provide sufficient information to Plaintiffs when inducing them to make investments and purchase additional shares of Winona." Complaint, ¶ 119(d). As a result, the complaint alleges an actually disputed and substantial federal question, the resolution of which is necessary for adjudication of the plaintiffs' requests

for declaratory relief with respect to federal securities law violations. *See Grable & Sons Metal Prods.*, 545 U.S. at 313.

17. In Count III of the complaint seeking a declaratory judgment, the plaintiffs allege that "[a]n actual, present and justiciable controversy has arisen between Plaintiffs and Defendants by virtue of," among other things, (1) "Defendants, upon information and belief, providing materially different investment disclosures to TFG Wheels, TFG investors and other friends of Ferrante and Binkowski in an effort to induce Plaintiffs to invest in Winona;" and (2) "Defendants providing false and/or materially deceptive financial information and manager statements regarding the health of the company in the form of an investment disclosure." Complaint, ¶ 127. As a result, the complaint alleges an actually disputed and substantial federal question, the resolution of which is necessary for adjudication of the plaintiffs' requests for declaratory relief with respect to federal securities law violations. *See Grable & Sons Metal Prods.*, 545 U.S. at 313.

18. Because state declaratory judgment actions will not often necessarily raise substantial federal questions under the federal securities laws, this Court may entertain this dispute without disturbing the Congressionally approved balance of federal and state judicial responsibilities. *See id*. at 313-14. In fact, Congress has indicated its intent that lawsuits allegations violations of the federal securities laws be heard in federal courts by giving district courts *exclusive* jurisdiction over such violations. *See* 15 U.S.C §§ 77v and 78aa(a).

19. Because this action arises under the laws of the United States, it is therefore removable to this Court. 28 U.S.C. § 1441(a); 28 U.S.C. § 1331; 15 U.S.C §§ 77v and 78aa(a).

Respectfully submitted,

*/s/ Matthew C. Blickensderfer*
Matthew C. Blickensderfer (0073019)
Simon Y. Svirnovskiy (0097096)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
(513) 651-6162
(513) 651-6981 (fax)
mblickensderfer@fbtlaw.com
ssvirnovskiy@fbtlaw.com

*Counsel for Defendants Dominic Ferrante, Todd Binkowski, and TFG Wheels, LLC*

*/s/ David P. Kamp*
David P. Kamp (0020665)
Jean Geoppinger McCoy (0046881)
WHITE, GETGEY & MEYER CO., L.P.A.
1700 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
dkamp@wgmlpa.com
jmccoy@wgmlpa.com
(513) 241-3685

*Counsel for Winona PVD Coatings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2018, a true and correct copy of the foregoing Notice of Removal was served by e-mail and regular U.S. Mail upon:

>Brian W. Fox
>Michael A. Roberts
>Graydon Head & Ritchey LLP
>312 Walnut Street, Suite 1800
>Cincinnati, Ohio 45202
>bfox@graydon.law
>mroberts@graydon.law
>
>E. Scott Treadway
>EST Law, LLC
>10401 North Meridian Street, Suite 225
>Indianapolis, Indiana 46290
>scott@estlawllc.com
>
>*Counsel for the Plaintiffs*

>>>*/s/ Matthew C. Blickensderfer*

4851-1472-0097v1