UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

**CIVIL ACTION NO. 1:18-cv-00244 (WOB)**

**JAMES VISKER, et al.,**

                                                                   **PLAINTIFFS**

**VS.**          **MEMORANDUM OPINION AND ORDER**

**DOMINIC FERRANTE, et al.,**

                                                                     **DEFENDANTS**

This matter is before the Court on Plaintiffs' Motion to Remand to state court. (Doc. 11).

Concluding that oral argument is unnecessary, the Court issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*

This is a securities action based on allegations that the defendants violated Delaware statute and common law, breached an Operating Agreement between the parties, and violated 15 U.S.C. § 77 et seq. of federal securities laws. (Doc. 4, Complaint, ¶ 1). James Visker and other minority investors have brought suit against TFG Wheels executive, Winona PVD Coatings Board member, and majority owner, Dominic Ferrante and others. (*Id.* ¶ 1). Plaintiffs allege that the defendants, who were executives and Board members of Winona, grossly mismanaged Winona and failed to

fulfill their fiduciary duties to the plaintiffs, Winona's investors. (*See id.* at ¶¶ 101d, 120). Plaintiffs seek equitable relief, including, inter alia, a court ordered accounting of Winona's business and financial information, declaratory judgment that Defendants' owe fiduciary duties to Plaintiffs, and an injunction against Winona's sale. (*Id.* ¶¶ 90, 108, 141).

Plaintiffs filed their initial Complaint in Ohio state court. The defendants removed to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiffs responded with a Motion to Remand to Ohio state court pursuant to 28 U.S.C. § 1447(c) for lack of federal question jurisdiction.

On the first page of the initial Complaint, there is a reference to "violations of 15 U.S.C. § 78(j) and 15 U.S.C. § 77(q)(a)" by the defendants. (Doc. 4, Complaint, ¶ 1). The defendants argue that there are further allegations of similar substance made later in the Complaint.

Defendants removed to federal court on this basis, arguing that this Court has federal question jurisdiction over alleged violations of federal securities law, especially when alleged so explicitly at the start of the Complaint. However, Plaintiffs moved to remand to Ohio state court. Plaintiffs take the position that, despite their passing allegation of federal law violations, state law is the sole source of relief and that there are no actual federal issues for the Court to decide. This

Court, the plaintiffs conclude, lacks federal question jurisdiction, removal was improper, and remand to state court is now appropriate.

## *Analysis*

Generally, removal of a case to federal court is proper only if the federal district court would have original jurisdiction over the suit under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1441(a). If a claim "arises under" federal law, Section 1331 grants original jurisdiction to the district courts of the United States. *See* 28 U.S.C. § 1331.

A complaint arises under federal law if it: (1) states a federal cause of action; (2) includes state-law claims that necessarily turn on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or (4) artfully pleads state-law claims that amount to federal-law claims in disguise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc).

The primary disagreement between the parties arises from conflicting understandings of the well-pleaded complaint rule and the embedded federal question doctrine.

**A. The Well-Pleaded Complaint Rule**

The presence or absence of federal question jurisdiction is generally determined by the "well-pleaded complaint rule," which provides that federal jurisdiction exists when a federal

question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id.* The well-pleaded complaint rule stands for the proposition that the court, in determining whether the case arises under federal law, will look only to the claim itself and ignore any extraneous material. 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3566 (3d ed. 2018).

In *Merrill Lynch, Pierce, Fenner & Smith Inc., et al., v. Manning*, the plaintiff brought suit alleging Merrill Lynch had engaged in naked short sales of Escala stock in violation of New Jersey law. 136 S.Ct. 1562, 1566 (2016). Similar to the instant case, the plaintiff alleged violations of state law, but his complaint also included an explicit allegation that Merrill Lynch had violated federal SEC Regulation SHO. *Id.* Section 27 provides that the federal district courts will have exclusive jurisdiction over Exchange Act violations under 15 U.S.C. § 78aa(a). In his complaint, the plaintiff even described the purpose of Regulation SHO and catalogued past incidents where Merrill Lynch flouted the requirements of that federal law. *Id.* Still, the Supreme Court found this insufficient to create a federal question. *Id.* at 1575.

The Court looked to the natural reading of the language in Section 27 of the Exchange Act, "brought to enforce," also found in 15 U.S.C. §78aa(a). *Id.* The Court interpreted those words to mean that federal question jurisdiction exists "when an action is commenced in order to give effect to a [statutory] requirement." *Id.* at 1568. Justice Kagan gave an example, stating that when a plaintiff brings a simple state law action for breach of contract but also alleges for "atmospheric reasons" that the defendant's conduct violates federal statute, there is still no federal question jurisdiction without more. *See id.* at 1568-69 ("But that hypothetical suit is 'brought to enforce' state contract law, not the Exchange Act—because the plaintiff can get all the relief he seeks just by showing the breach of an agreement, without proving any violation of federal securities law."). Though the plaintiff in that case cited a federal law that could have potentially given rise to a cause of action, the plaintiff's allegations concerning federal law were of no consequence to the plaintiff's state law claims. *See id.* The plaintiff did not raise federal law "in order to give effect" to it, but rather to cast the defendants in a negative light with superfluous detail, as is common in litigation. *Id.* at 1569. Thus, there was no federal question jurisdiction. *Id.* at 1575.

Here, Plaintiffs' isolated allegation that Defendants violated federal law, with nothing else to flesh-out or substantiate that allegation, is insufficient to "give effect" to federal law. The Supreme Court was clear that the mere allegation of a federal law violation, though made on the face of the complaint, does not confer federal question jurisdiction without something more. Instead, this suit was brought to enforce or, in Justice Kagan's words, to "give effect to," Delaware law. It is Delaware law, not federal law, which is the body of law invoked by the plaintiff. Under the well-pleaded complaint analysis, Plaintiffs' allegations do not create a federal question for this Court to address.

**B. The Embedded Federal Question Doctrine**

Even if the plaintiff does not assert a federal cause of action, federal question jurisdiction may exist over state claims if: (1) the resolution of a federal question is a necessary element of a state claim raised by the plaintiff, (2) the interpretation or application of the federal law is actually disputed, (3) the question is of substantial federal interest, and (4) exercising jurisdiction would not disturb the federal-state division of labor intended by Congress when it passed 28 U.S.C. § 1331. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). The *Grable* framework is applied to show the existence of federal question

jurisdiction where the determination or application of federal law is an essential component of a state law claim, i.e., the federal law is "embedded" within the state claim, but where no federal cause of action is independently invoked. The *Grable* framework thus acts as a possible window for removal based on federal question jurisdiction.

In *Grable*, the Internal Revenue Service seized real property owned by Grable (petitioner) and gave Grable notice by mail before selling the property to satisfy a federal tax delinquency. *Id.* at 310-11. Grable brought suit to quiet title under state law. *Id.* Grable based his claim to superior title on a theory of insufficient notice under federal tax law. *Id.* Defendant removed on the basis that an element of the state law claim required the interpretation and application of federal law and thus presented a federal question. *Id.* The Supreme Court ultimately agreed, concluding that there was a necessary and substantial federal question, that the federal government had a significant interest in facilitating tax revenue collection, and that to decide the state law claim would not upset the proper work-balance and separation of power between the state and federal judiciaries. *Id.* at 310.

Here, Defendants argue that the plaintiffs' Counts II and III require the determination of federal law embedded within the Delaware law invoked by the plaintiffs. Defendants argue that 15

U.S.C. §§ 78j and 77q, cited by Plaintiffs early in the Complaint, is connected to allegations of "securities fraud violations" made in Count II and III. (Doc. 4, Comp., ¶¶ 1, 119, 127).

The first element of *Grable* is not satisfied. Plaintiffs' state law claims do not turn on a determination of federal law. Plaintiffs do allege Title 15 violations but never again expressly or even impliedly refer to federal law. There is good reason to doubt the defendants' construction of the Complaint. The defendants connect a reference to federal law in the beginning of the Complaint with vague language in Counts II and III, counts which either expressly rely on Delaware law or make no reference to federal law at all. The defendants seem to have left to the imagination which element of which Delaware state law turns upon a determination of federal law. When this sort of doubt is present, federal courts should construe motions for remand in favor of the movant. *See Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp 1305 (E.D.Ky. 1990).

The second and third elements of *Grable* also are not met. Defendants argue that federal law, which Plaintiffs presumably referred to vaguely as "securities laws," is both substantial and disputed in this case. Defendants cite two places where Plaintiffs allege there is "[a]n actual, present, and justiciable controversy." But while Defendants correctly argue

that federal courts have exclusive jurisdiction over claims of Securities Exchange Act (SEA) violations, they fail to demonstrate where the SEA is effectively invoked anywhere in the Complaint or where federal law is embedded within one of the state claims. The plaintiffs deny any intention to enforce federal law but instead rely solely on Delaware securities law. Plaintiffs simply do not dispute any federal law or issue of federal law embedded within one of their state claims.

Finally, the fourth *Grable* element is not satisfied. The defendants reiterate that the SEA and Title 15 of the United States Code provide the federal courts with exclusive federal question jurisdiction and that to decline federal jurisdiction in this case would upset Congress' intended division of labor between the state and federal judiciaries. Perhaps that would be true if the plaintiffs were actually and actively invoking those federal statutes. But Defendants have still failed to point to any part of Delaware law cited by the plaintiffs which turns on a federal issue. The Ohio courts are fully capable of applying Delaware securities laws and affording equitable remedies when appropriate. Here, Ohio courts are simply not tasked with possessing the expertise or judgment of enforcing federal securities law.

**C. Attorney's Fees and Costs of Compelling Remand**

The remaining issue is whether Plaintiffs are owed attorney's fees and costs incurred while compelling remand to state court.

The award of attorney's fees for challenging removal is dependent on the objective reasonableness of the basis for removal: "[T]he standard for awarding fees should turn on reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

While there is ultimately no sufficient federal question to sustain Defendants' removal, it was still reasonable to think that the plaintiffs might have wished to give effect to the federal law they cited. In the first line of the Complaint, Plaintiffs made no meaningful differentiation between the allegation of state law violations and alleged federal law violations. This Court does not consider that to be a categorically unreasonable basis for removal, even if the defendants' bases for federal question jurisdiction were ultimately insufficient to sustain removal. Because the grounds for removal were objectively reasonable, Plaintiffs are not entitled to attorney's fees or costs.

Finally, while Plaintiffs suggest that *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1064 (6th Cir. 2008), created an affirmative duty to communicate with the non-moving party before removing to federal court, that reading of *Warthman* is either mistaken or a misconstrual.[1] A review of that opinion reveals permissive dicta that merely suggests the parties communicate with one another to determine what body of law is being invoked. The Sixth Circuit did not rule that defendants have an affirmative duty to make such a clarification.

Therefore, having reviewed this matter, and the Court being sufficiently advised,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 11) be, and is hereby, **GRANTED**, and Plaintiffs' request for attorney's fees and costs **DENIED**. The motion to stay (Doc. 7) be, and is hereby, **DENIED AS MOOT.** This matter is hereby **REMANDED** to the Hamilton County Court of Common Pleas.

This 6th day of August, 2018.



Signed By:
William O. Bertelsman
United States District Judge

---

[1] The passage cited: "... there is no law that prohibits the defendant from simply contacting the plaintiff and requesting a written confirmation that only state-law claims are being asserted." *Warthman*, 549 F.3d at 1064.